UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 18-6754-MWF (RAOx) | **Date:** April 26, 2022 |
| **Title:** | L.A. Terminals, Inc. v. City of Los Angeles, et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:  
Rita Sanchez

Court Reporter:  
Not Reported

Attorneys Present for Plaintiff:  
None Present

Attorneys Present for Defendant:  
None Present

**Proceedings (In Chambers):**   ORDER DENYING MOTION FOR SUMMARY JUDGMENT [334]

Before the Court is Intervenor Wausau General Insurance Company ("Wausau") and third-party Defendant Olympic Chemical Corporation ("Olympic")'s Motion for Summary Judgment (the "Motion"), filed on January 21, 2022. (Docket No. 334). Third-Party Plaintiff Occidental Chemical Corporation ("Oxy") and Defendant City of Los Angeles (the "City") filed separate Oppositions on February 7, 2022. (Docket Nos. 338 (the "Oxy Opp.") and 341 (the "City Opp."), respectively). Wausau and Olympic filed a Reply on February 14, 2022. (Docket No. 342).

The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on **March 1, 2022** pursuant to General Order 21-08 and Order of the Chief Judge 21-124 arising from the COVID-19 pandemic.

The Motion is **DENIED**. Wausau and Olympic's additional evidence is insufficient to establish that there are no genuine issues of triable fact remaining.

## I. BACKGROUND

The Court has previously summarized the background of this case in connection with the Court's December 21, 2020 Order Re: Motion for Summary Judgment (the "Prior Order") (Docket No. 314). The Court incorporates by reference the factual background set forth in the Prior Order.

---

**CIVIL MINUTES—GENERAL**                                                                         1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 18-6754-MWF (RAOx)**              **Date:  April 26, 2022**
**Title:     L.A. Terminals, Inc. v. City of Los Angeles, et al.**

## II.    EVIDENTIARY OBJECTIONS

City and Union Pacific advance various objections to the evidence submitted in connection with the Motion.  (*See* Docket No. 341-6).  Many of the objections are garden variety evidentiary objections based on lack of foundation and undue prejudice.  While these objections may be cognizable at trial, on a motion for summary judgment, the Court is concerned only with the ***admissibility*** of the relevant ***facts*** at trial, and not the ***form*** of these facts as presented in the Motion.  *See Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119-20 (E.D. Cal. 2006) (making this distinction between facts and evidence, Rule 56(e), and overruling objections that evidence was irrelevant, speculative and/or argumentative).  "If the contents of the evidence could be presented in an admissible form at trial, those contents may be considered on summary judgment even if the evidence itself is hearsay."  *O'Banion v. Select Portfolio Servs., Inc.*, No. 1:09-cv-00249-EJL, 2012 WL 4793442, at *5 (D. Idaho Aug. 22, 2012) (citing *Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003)).

Accordingly, the parties' objections are **OVERRULED**.

## III.   LEGAL STANDARD

In deciding a motion for summary judgment under Rule 56, the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

The Ninth Circuit has defined the shifting burden of proof governing motions for summary judgment where the non-moving party bears the burden of proof at trial:

> The moving party initially bears the burden of proving the absence of a genuine issue of material fact.  Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 18-6754-MWF (RAOx)          **Date:** April 26, 2022
**Title:**     L.A. Terminals, Inc. v. City of Los Angeles, et al.

absence of evidence to support the non-moving party's case. Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence. The non-moving party must do more than show there is some "metaphysical doubt" as to the material facts at issue. In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor.

*Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1259 n.2 (9th Cir. 2016) (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)).

"A motion for summary judgment may not be defeated, however, by evidence that is 'merely colorable' or 'is not significantly probative.'" *Anderson*, 477 U.S. at 249-50.

"When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).

## IV. DISCUSSION

The Motion again raises two issues originally presented in Olympic's original motion for summary judgment, namely whether Olympic handled chlorinated solvents at the Sliver Site and whether chlorinated solvents were released at the Sliver Site during Olympic's operations at Sliver Site. (*See* Motion at 1–2). The Court previously denied summary judgment on these issues in the Prior Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-6754-MWF (RAOx)  Date: April 26, 2022
Title:    L.A. Terminals, Inc. v. City of Los Angeles, et al.

### A. Handling of Chlorinated Solvents

Wausau and Olympic argue that Cross-Complainants cannot show that Defendant Ash-Cross-Evans Corporation ("ACE") or Olympic handled chlorinated solvents at the Silver Site. (Memorandum at 16 (Docket No. 334-2)). The Court notes for clarity that the storage and handling of chlorine is again not of concern here – only the storage and handling of chlorinated solvents.

Wausau and Olympic argue there is no evidence that ACE handled chlorinated solvents based on the testimony of multiple witnesses, no evidence of income from chlorinated solvents, that chlorinated solvents were not stored on site since more than five years prior to ACE's possession, no plans reference handling chlorinated solvents, chlorinated solvents were not stored on site immediately after ACE's possession, and ACE had no affiliations with chlorinated solvent suppliers. (*See id*. at 17).

In the Prior Order, the Court wrote that a genuine issue of material fact existed as to ACE's handling of chlorinated solvents at the site given Olympic's possession of large tanks with residual amounts of solvents and indications that Olympic considered handling solvents, including in a permit application. (*See* Prior Order at 17).

In response, Wausau and Olympic proffer that additional facts preclude Oxy and City from showing that ACE handled any chlorinated solvents at the Sliver Site, pointing to additional witness testimony, a report from the South Coast Air Quality Management District, and Oxy emails putatively stating that ACE operated a chlorine transfer at Sliver Site only. (*See* Memorandum at 12–13).

In their Oppositions, Oxy and City argue that Wausau and Olympic cannot show that no chlorinated solvents remained on site given the historical presence of the solvents on site and the transfer of the tanks used to hold chlorinated solvents, which were never cleaned, and Olympic's seeking of permits to store chlorinated solvents. (*See*, *e.g*., Oxy Opp. at 5–7, City Opp. at 3–8).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-6754-MWF (RAOx)           Date:  April 26, 2022
Title:    L.A. Terminals, Inc. v. City of Los Angeles, et al.

Both Oxy and City also attack the putatively new evidence offered in the Motion.  City, for example, contends that the employee witnesses had no personal knowledge of Olympic's operations, that the South Coast Air Quality Management District report has no sources and does not analyze the entire Sliver Site.  (*See* City Opp. at 16–27).

Oxy similarly argues that many of the witnesses offered had no contemporaneous involvement with ACE at the time of ACE's operations at Sliver Site, that the South Coast Air Quality Management District report is mischaracterized and identifies no sources for its conclusions, and finally that the Oxy email does not indicate that Oxy conclusively determined that ACE handled chlorine exclusively.  (*See* Oxy Opp. at 10–19).

While Wausau and Olympic's additional evidence is relevant, it still does not controvert that, at minimum, there exists a genuine issue of triable fact as to whether ACE "possessed large tanks containing residual amounts of [chlorinated solvents] at the Sliver Site."  (Prior Order at 17).  The Motion does not support that there is no genuine issue of triable fact as to ACE's acquisition of tanks with residual chlorinated solvents, that the tanks with residual solvents remained in ACE's possession during its tenancy, or that ACE's permit application granted ACE permission to handle chlorinated solvents.

Put simply, the evidence offered by the parties here indicates that genuine issues of material fact exist that preclude granting summary judgment.

### B. Release of Chlorinated Solvents

As stated in the Prior Order, in order for an entity to be liable under CERCLA, "there must be a 'release' or 'threatened release' of a hazardous substance from the facility into the environment."  *Pakootas v. Teck Cominco Metals, Ltd.*, 452 F.3d 1066, 1074 (9th Cir. 2006).  CERCLA defines a "release" as "any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing into the environment."  42 U.S.C. § 9601(22).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 18-6754-MWF (RAOx)**          **Date:  April 26, 2022**
**Title:**    L.A. Terminals, Inc. v. City of Los Angeles, et al.

"CERCLA liability may be inferred from the totality of the circumstances; it need not be proven by direct evidence." *Tosco Corp. v. Koch Indus., Inc.*, 216 F.3d 886, 892 (10th Cir. 2000); *see also City of Moses Lake v. United States*, 458 F. Supp. 2d 1198, 1226 (E.D. Wash. 2006) (same).  Direct evidence of hazardous waste disposal activities occurring decades ago is seldom available; circumstantial evidence is thus routinely used to establish liability in CERCLA actions.  *Tosco Corp.*, 216 F.3d at 892 (noting that "eyewitness testimony or other direct evidence concerning specific waste disposal practices at oil refineries during the 1940s — well before the enactment of environmental laws — is rarely available").

Cross-Complainants need only show that Olympic "at the time of disposal of any hazardous substance owned or operated any facility at which . . . hazardous substances were disposed of."  42 U.S.C. § 9607(a)(2).  Any release is sufficient to create liability.  *Amoco Oil Co. v. Borden, Inc.*, 889 F.2d 664 (5th Cir. 1989) ("The plain statutory language fails to impose any quantitative requirement on the term hazardous substance, and we decline to imply that any is necessary").

Wausau and Olympic contend that there is no direct evidence of any release of chemical solvents as admitted by City and Oxy, no evidence of residual solvents in the Sliver Site tanks upon ACE taking possession, no evidence the tanks were used by ACE, and no evidence of any improper cleaning by ACE if ACE did indeed clean the tanks.  (*See* Memorandum at 20–22).

Oxy argues that Wausau and Olympic have not met their burden to show that there is no issue of triable fact as to any releases of any amount of chlorinated solvents while ACE occupied Sliver Site, as shown by the evidence cited in the Prior Order. (*See* Oxy Opp. at 8–9).

City argues that, given the significantly lowered threshold for showing liability under CERCLA, there remain triable issues of fact as to whether ACE released chlorinated solvents, particularly because ACE was responsible for maintaining aging equipment at the site used for transporting chlorinated solvents and ACE contemplated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-6754-MWF (RAOx)　　　　　Date:  April 26, 2022
Title:　　L.A. Terminals, Inc. v. City of Los Angeles, et al.

a large fertilizer transaction that would have required cleaning the tanks to use as storage, potentially resulting in a release.  (*See* City Opp. at 23–17).

　　　As before, although there is no direct evidence of a release of chlorinated solvents at the Sliver Site during ACE's tenancy, Oxy and City present circumstantial evidence supporting a rational conclusion by the jury that there were large tanks potentially containing residual amounts of chlorinated solvents present at the Sliver Site while ACE was the tenant.

　　　At the hearing, Wausau and Olympic argued that the differences between an inference and speculation preclude summary judgment, as here Oxy and City have only presented facts that would require a jury's speculation to find liability.  *See*, *e.g.*, *Poppell v. City of San Diego*, 149 F.3d 951, 953–54 (9th Cir. 1998) (explaining inference as "a process where the thinker passes from one proposition to another" and that the process "must be made according to the laws of logic").  More specifically, Wausau and Olympic asserted that any finding by a jury that ACE handled solvents or that there was a solvent release during ACE's tenancy at the Sliver Site would be pure speculation, as such a finding would not be based on logical inferences from the facts provided.  (*See also* Reply at 14).

　　　While Wausau and Olympic present strong circumstantial evidence, they have not shown it is mere speculation for a finder of fact to conclude that ACE took possession of large tanks that were used for the storage of chlorinated solvents and thus solvent residue remained in the tanks and on-site at the Sliver Site.  It is not pure speculation for a finder of fact to conclude that there was a release of chlorinated solvents during ACE's tenancy, whether through ACE's cleaning of the tanks, an inadvertent leak of equipment, or some other manner; though Wausau and Olympic's submitted evidence makes this possibility less likely, it does not indicate it is an entirely illogical inference.

　　　The additional facts developed during discovery are not enough to demonstrate that there is no genuine issue of material fact as to whether ACE handled chlorinated solvents or whether there was a release of chlorinated solvents during ACE's tenancy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 18-6754-MWF (RAOx)     **Date:** April 26, 2022
**Title:** L.A. Terminals, Inc. v. City of Los Angeles, et al.

Although persuasive for a factfinder, perhaps, they do not move the ball over the line so as to warrant summary judgment.

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.