UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-6754 MWF (PVCx)                                  Date:  June 30, 2022

Title          L.A. Terminals, Inc. v. City of Los Angeles, et al.

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

|                James Munoz                |               None               |
|------------------------------------------|---------------------------------|
|               Deputy Clerk                |      Court Reporter / Recorder   |

Attorneys Present for Plaintiff:                Attorneys Present for Defendants:
              None                                               None

**PROCEEDINGS:   [IN CHAMBERS]  ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR AN INFORMAL DISCOVERY CONFERENCE**

On June 29, 2022, Plaintiff L.A. Terminals requested an informal discovery conference to address the parties' disputes regarding the continuation of Plaintiff's deposition of the City of Los Angeles's (Defendant's) rebuttal expert, Mr. Neil Irish, and the City's obligation to produce certain documents in connection with that deposition. The request, sent via e-mail to the Court's Deputy Clerk, included a lengthy "neutral" statement of the dispute(s) and brief statements of the parties' purported respective positions.

However, on June 30, 2022, the City informed the Court, via e-mail, that Plaintiff's representation of the City's position was inaccurate, and the City was not consulted or provided that language prior to its inclusion in Plaintiff's e-mail to the Court. The City further noted that it was not provided a copy of Plaintiff's neutral statement of the dispute, and contended that the statement omitted several material facts. Most critically, the City stated that it disagreed that the parties were at an impasse, as the City had represented to Plaintiff that it was preparing a compromise proposal to resolve the parties' disputes that it would serve on Plaintiff by the end of this week. The City

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-6754 MWF (PVCx)                               Date:  June 30, 2022

Title         L.A. Terminals, Inc. v. City of Los Angeles, et al.

attached a copy of its e-mail to Plaintiff, dated June 27, 2022, in which it explained to Plaintiff that the City was in the "process of formulating a proposal that will include supplementing our prior production and/or submitting a privilege log," and that it anticipated that its "response will resolve, or at the very least, extensively narrow our dispute." Plaintiff's request for an informal discovery conference did not mention that a compromise offer was imminent.

      The Court concludes that Plaintiff's request for an informal discovery conference is premature as it is evident that the parties have not completed a meaningful meet and confer regarding the issues Plaintiff wishes to address. It further appears that Plaintiff's request may have misrepresented the City's position. Accordingly, the Court DENIES Plaintiff's request for an informal discovery conference, without prejudice to renewing the request after the parties have met and conferred in good faith to resolve their disputes without Court intervention. Any future request for an informal discovery conference must strictly comply with the Judge Castillo's procedures on the Court's website.

      Pursuant to those procedures, the parties must first meet and confer in good faith as required by Local Rule 37-1 to attempt to resolve the dispute. A request for an informal discovery conference is premature when the requesting party knows that a compromise offer from the opposing party is imminent. Counsel for the parties, as officers of the Court, must make a meaningful effort to reach a reasonable solution to their dispute.

      Second, if the parties are unable to resolve their dispute despite their best efforts, they may request an informal discovery conference. The parties should jointly prepare the request so that each side drafts its own one-sentence statement of the party's position, and both sides should agree on the neutral statement of the dispute. The Court will not be well disposed to hear at the informal discovery conference that the requesting party has misrepresented the opposing party's position or the facts underlying the dispute. As a practical matter, usually a very brief neutral statement of the dispute is all that is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-6754 MWF (PVCx)                                  Date:  June 30, 2022

Title        L.A. Terminals, Inc. v. City of Los Angeles, et al.

necessary, and the parties' agreement on the language of the neutral statement should ensure that it is not used to argue one party's side.  The request is ***not*** a substitute for a written motion, and should be concise.

     The Court admonishes the parties that its general practice is not to issue rulings in an informal discovery conference; instead, informal discovery conferences are a vehicle for the Court to provide some preliminary guidance on how it might approach a dispute, so that the parties can continue their conference of counsel aware of the Court's tentative thoughts on the matter, and thereby determine whether bringing a formal, written motion is necessary or in their client's best interest.  Informal discovery conferences are not a device to obtain an expedited ruling on a matter based solely on oral argument; they are intended to provide an opportunity for the parties to narrow their disputes and optimally avoid the need for motion practice.

     IT IS SO ORDERED.