UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV- 18-6754-MWF (PVC) | **Date:** | February 16, 2023 |
| **Title:** | L.A Terminals, Inc. v. City of Los Angeles et al. | | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER TO SHOW CAUSE RE: ELEVENTH AMENDMENT IMMUNITY

At the final pretrial conference held on February 13, 2023, Defendant City of Los Angeles (the "City") asked the Court to address the jurisdictional argument raised in its Memorandum of Contention of Fact and Law (the "City Memo") filed on January 23, 2023. (Docket No. 375).

The Court has considered the City Memo and has further reviewed the Memorandum of Contentions of Law and Fact (the "Plaintiff Memo") filed by Plaintiff L.A. Terminals, Inc. ("LAT") and Third-Party Defendant Soco West, Inc. on January 23, 2023. (Docket No. 393).

After initial review of the memos, the Court is inclined to deny the jurisdictional argument. However, in order to give the parties an opportunity to more fully address the issue the City is **ORDERED** to show cause why its Eleventh Amendment affirmative defense should not be dismissed in light of the apparent waiver.

The Court's tentative views are outlined as follows:

"[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction . . . ." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). The Eleventh Amendment, by providing states with immunity from suit in certain instances, concerns the Court's jurisdiction. *See*

---

**CIVIL MINUTES—GENERAL**                                                                                           1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.   CV- 18-6754-MWF (PVC)**                              **Date:  February 16, 2023**
**Title:       L.A Terminals, Inc. v. City of Los Angeles et al.**

*Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996) ("For over a century we have reaffirmed that federal jurisdiction over suits against unconsenting States was not contemplated by the Constitution when establishing the judicial power of the United States."). "It is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court." *Savage v. Glendale Union High Sch.,* 343 F.3d 1036, 1040 (9th Cir. 2003). Generally, state sovereign immunity does not extend to county and municipal governments. *Id.* at 1040–41. Where an agency is an "arm of the state," however, it is entitled to claim immunity from suit under the Eleventh Amendment. *Id.*

The City is a municipal corporation duly organized and existing under the laws of California. The Harbor Department is a proprietary department of the City, governed by a Board of Harbor Commissioners, that is charged with possession and management of the tidelands and submerged lands within the Los Angeles Harbor District. *See* Los Angeles City Charter, §§ 600-604; 650-657; 1911 Cal. Stats. 656; Cal. Pub. Res. Code § 6301; *People v. California Fish Co*., 166 Cal. 576, 584 (1913). The City holds in trust for public use, all the right, title, and interest in and to all tidelands and submerged lands, whether filled or unfilled, situated below the line of mean high tide of the Pacific Ocean, within the boundaries of the City, or of any harbor, estuary, bay, or inlet within said boundaries, with certain exceptions not relevant herein. 1991 Cal. Stats. 656, Cal. Pub. Res. Code §§6301 and 6305. The Sliver Site is part of the property that the City holds in trust for public use.

The City argues that it is an "arm of the state" because any judgment against it would be paid out of state funds and the Harbor Department is subject to strict state control. (City Memo at 3). LAT and Soco argue that (1) the City is not an arm of the state for Eleventh Amendment purposes and (2) the City has waived any right to assert its Eleventh Amendment argument by waiting over four and half years and until the eve of trial to make this argument. (Plaintiff Memo at 73).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV- 18-6754-MWF (PVC)                       Date:  February 16, 2023
Title:      L.A Terminals, Inc. v. City of Los Angeles et al.

### 1. Arm of the State

To determine whether a governmental agency is an arm of the state, courts in this circuit consider the following five factors:

> To determine whether a governmental agency is an arm of the state, the following factors must be examined: (1) whether a money judgment would be satisfied out of state funds, (2) whether the entity performs central governmental functions, (3) whether the entity may sue or be sued, (4) whether the entity has the power to take property in its own name or only the name of the state, and (5) the corporate status of the entity.

*Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 250-51 (9th Cir. 1992). The most important factor is whether a money judgment would be satisfied out of state funds, because "a plaintiff who successfully sued an arm of the state would have a judgment with the same effect as if it were rendered against the state." *United States ex re. Ali v. Daniel, Mann, Johnson & Mendenhall*, 355 F.3d 1140, 1147 (9th Cir. 2004).

The City argues that the first, and most important, factor weighs in favor in determining that the City, for the purposes of this action, is an arm of the state. Specifically, the City asserts that any money judgment against it would be satisfied out of state funds.

The City asserts that the California Public Resources Code and the City Charter require the Harbor Department to segregate its funds from City funds. (City Memo at 4 (citing Pub. Res. Code § 6009.1(c)(10); Los Angeles City Charter § 656)). This segregated fund is known as the Harbor Revenue Fund and derived from "fees, charges, rentals and revenue from every source collected by the Harbor Department in connection with its possession, management and control of the Harbor District and Harbor Assets." These funds are held in trust for the benefit of the people of the state of California. *See City of Long Beach v. Morse*, 31 Cal. 2d 254, 258–262 (1947)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV- 18-6754-MWF (PVC)            **Date:** February 16, 2023
**Title:**    L.A Terminals, Inc. v. City of Los Angeles et al.

(holding that the state legislature "specified purposes relating to the harbor that it deemed beneficial to the state as a whole and did not authorize the city. . .to use the corpus or the income of the trust for strictly local improvements"). Litigation costs and money to satisfy any judgment against the Harbor Department are paid from the Harbor Revenue Fund, not from the City coffers. Los Angeles City Charter § 656. A California superior court considered this issue, and held that the City, the Port, and the Board of Harbor Commissioners were "arms of the state" as tidelands trustee, because "payment of a judgment out of the Harbor Reserve Fund would be payment out of state funds within the meaning of *Belanger*." *Hanson v. Port of Los Angeles*, No. BC 221839, 8 (L.A. Super. Ct. 2001). Therefore, the first and most important factor supports concluding that the City is an arm of the state in this action.

     The second factor also appears to support a determination that the City is an arm of the state in context of its role regarding the Sliver Site. The City argues that the Harbor Department activities are state functions, rather than local functions, as the Harbor Department derives authority solely from the state whose "power and right to control, regulate, and utilize its tidelands and submerged lands. . . is absolute." Cal. Code Pub. Res. § 6009(b). Notably, decisions regarding tidelands and submerged lands are "matters of statewide concern" and the local entity managing the lands lacks any discretion to "subjugat[e] statewide interests, concerns, or benefits to the inclination of local or municipal affairs, initiatives, or excises." *Id.* § 6009(d)–(e).

     However, as LAT argues, the third, fourth, and fifth factors support a determination that the City is not an arm of the state. (Plaintiff Memo at 74). With respect to the third factor, the City can be sued as a separate public entity and is specifically defined as a "person" for liability purposes under CERCLA. 42 U.S.C. § 9601(21) (defining "person" for purposes of liability as including a "municipality"); and § 9601(20)(D) (providing liability on the part of "any State or local government which has caused or contributed to the release . . . of hazardous substances" as an "owner or operator," "in the same manner and to the same extent, both procedurally and substantively, as any nongovernmental entity."). With regard to the fourth factor, the City holds title to the Sliver Site in its own name. (*See* City's First Amended

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV- 18-6754-MWF (PVC)         Date:  February 16, 2023
Title:      L.A Terminals, Inc. v. City of Los Angeles et al.

Third Party Complaint (Docket No. 155)).  Finally, with respect to the fifth factor, the City is a charter city with authority over its internal workings and is not treated as part of the state.  Cal. Const. art. XI, § 3.

The City argues that the final three factors must be viewed through the statutorily prescribed relationship between the Harbor Department and the state.  (City Memo at 7).  It points out that while the Harbor Department may be sued, any funds would be paid out of the Harbor Revenue Fund.  (*Id.*).  Additionally, the City argues that Harbor Department may only take property in its own name for limited purpose of managing lands under the Tidelands Trust.  (*Id.* (citing Los Angeles City Charter § 656)).  Finally, while acknowledging that the Harbor Department is organized as a department of the City, the City argues that the Harbor Department is managed by the Board of Harbor Commissions who act as a trustee of the Tidelands Trust and may act only under the terms of the Trust.  (*Id.* (citing Los Angeles City Charter § 651)).

The Court does not make a determination on whether the City is an arm of the state here, but invites the City and LAT to supplement the above arguments in response to this order.

### 2. Waiver

LAT and Soco argue the City has clearly waived its right to rely on the Eleventh Amendment by waiting until the eve of trial to raise the issue.  (Plaintiff Memo at 74).  The City does not address the issue of waiver in the City Memo.

The Supreme Court has "long recognized that a State's sovereign immunity is 'a personal privilege which it may waive at pleasure.' " *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999) (quoting *Clark v. Barnard*, 108 U.S., 436, 447 (1883)); *see also Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 618 (2002).  "A state waives its Eleventh Amendment immunity if it 'unequivocally evidences its intention to subject itself to the jurisdiction of the federal court.' " *Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV- 18-6754-MWF (PVC)**                    **Date:  February 16, 2023**
**Title:**     L.A Terminals, Inc. v. City of Los Angeles et al.

1021 (9th Cir. 2010) (quoting *Hill v. Blind Indus. & Servs. of Maryland*, 179 F.3d 754, 758 (9th Cir. 1999), *opinion amended on denial of reh'g*, 201 F.3d 1186 (9th Cir. 1999)) (simplified); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984) (requiring state's consent be "unequivocally expressed").  "A state may waive its sovereign immunity through 'conduct that is incompatible with an intent to preserve that immunity.' " *Johnson*, 623 F.3d at 1021 (quoting *Hill*, 179 F.3d at 758).

The Ninth Circuit has "found that state defendants engaged in conduct 'incompatible with' an intent to preserve sovereign immunity when they raised a sovereign immunity defense only belatedly, after extensive proceedings on the merits."  *Id.*  In *Johnson*, the Ninth Circuit determined the state had waived Eleventh Amendment immunity because it "engaged in extensive proceedings in the district court without seeking dismissal on sovereign immunity grounds."  *Id.*  Although the state raised sovereign immunity in its answer, the state "litigated the suit on the merits, participated in discovery, and filed a motion to dismiss and a summary judgment motion without pressing a sovereign immunity defense."  *Id.*

In circumstances like those presented in *Johnson*, the Ninth Circuit deems the state "to have made a tactical decision to delay asserting the sovereign immunity defense."  *Id.* (citing *In re Bliemeister*, 296 F.3d 858, 862 (9th Cir. 2002)).  "Such tactical delay undermines the integrity of the judicial system, wastes judicial resources, burdens jurors and witnesses, and imposes substantial costs upon the litigants.  Having chosen to defend on the merits in federal court, the [state] will be held to that choice."  *Id.* (quoting *Hill*, 179 F.3d at 756, 758) (simplified).

However, in *Aholelei v. Department of Public Safety*, the Ninth Circuit determined that a state defendant's filing of a third-party complaint, without more, did not waive the state's immunity.  488 F.3d 1144, 1147 (9th Cir. 2007).  The Ninth Circuit affirmed the district's court grant of summary judgment in an action where a plaintiff did not raise its waiver argument until appeal.  *Id.*  The Ninth Circuit determined that because the state had timely asserted immunity prior to filing the third-party complaint and the third-party complaint was a defensive move which was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV- 18-6754-MWF (PVC)          **Date:** February 16, 2023
**Title:**     L.A Terminals, Inc. v. City of Los Angeles et al.

not incompatible with an intent to preserve sovereign immunity, the state defendant did not engage in an unfair litigation tactic in moving for summary judgment on sovereign immunity grounds. *Id.*

Here, the City has actively litigated this action in federal court since 2018. It has filed numerous pleadings, including a third party complaint (Docket No. 40), a motion for entry of judgment (Docket No. 88) seeking to appeal the Court's dismissal of one of the City's counterclaims, a first amended third party complaint (Docket No. 155), joinder in a motion for settlement approval (Docket No. 356), and two motions in limine (Docket Nos. 377, 383). While the City has raised its Eleventh Amendment affirmative defense in its answers to LAT's complaint and various parties' third party complaints (Docket Nos. 55, 114, 136, 141, 240), the City never filed a motion to dismiss or motion for summary judgment on sovereign immunity grounds.

Because the City has extensively litigated this action on the merits, participated in extensive discovery, and has never filed a motion for summary judgment on sovereign immunity grounds, the Court believes the City has acted more like the state defendant in *Johnson* than the state defendant in *Aholelei*. Because it appears that the City has "decided to defend on the merits in federal court," it seems appropriate to hold the City to that choice. *See Johnson*, 623 F.3d at 1022.

However, the Court recognizes that the parties have not been given an opportunity to respond to each other's arguments.

Accordingly, the City is **ORDERED** to show cause, in writing, no later than **February 23, 2023,** why its Eleventh Amendment affirmative defense should not be dismissed in light of its apparent waiver. LAT and any party who wishes to join, may jointly file a written reply to the City's response no later than **February 28, 2023**.

IT IS SO ORDERED.