UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV- 18-6754-MWF (PVC) | **Date:** March 2, 2023 |
| **Title:** | L.A Terminals, Inc. v. City of Los Angeles et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                              Court Reporter:
Rita Sanchez                               Not Reported

Attorneys Present for Plaintiff:           Attorneys Present for Defendant:
None Present                               None Present

**Proceedings (In Chambers):**   ORDER DISMISSING CITY'S ELEVENTH AMENDMENT AFFIRMATIVE DEFENSE

At the final pretrial conference held on February 13, 2023, Defendant City of Los Angeles (the "City") asked the Court to address the jurisdictional argument raised in its Memorandum of Contentions of Fact and Law (the "City Memo") filed on January 23, 2023. (Docket No. 375). After review of the City Memo and the Memorandum of Contentions of Law and Fact (Docket No. 393) filed by Plaintiff L.A. Terminals, Inc. ("LAT"), the Court ordered the City to show cause why its Eleventh Amendment affirmative defense should not be dismissed in light of its apparent waiver. (Order to Show Cause re: Eleventh Amendment Immunity (Docket No. 439)). The City filed a Response on February 23, 2023. (Docket No. 441). LAT filed a Reply on February 28, 2023. (Docket No. 443).

The Court determines that the City has waived its Eleventh Amendment affirmative defense by actively litigating this matter for four and half years and making the tactical decision to delay asserting the sovereign immunity defense. Accordingly, the City's Eleventh Amendment affirmative defense is **DISMISSED**.

"[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction . . . ." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). The Eleventh Amendment, by providing states with immunity from suit in certain instances, concerns the Court's jurisdiction. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996) ("For over a century we

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV- 18-6754-MWF (PVC)                    Date:  March 2, 2023
Title:       L.A Terminals, Inc. v. City of Los Angeles et al.

have reaffirmed that federal jurisdiction over suits against unconsenting States was not contemplated by the Constitution when establishing the judicial power of the United States."). "It is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court." *Savage v. Glendale Union High Sch.,* 343 F.3d 1036, 1040 (9th Cir. 2003). Generally, state sovereign immunity does not extend to county and municipal governments. *Id.* at 1040–41. Where an agency is an "arm of the state," however, it is entitled to claim immunity from suit under the Eleventh Amendment. *Id.*

LAT disputes that the City is an "arm of the state." (Reply at 8–17). However, even if the City was determined to be an arm of the state in its management and control of the Harbor Department, LAT argues that City has waived its alleged Eleventh Amendment immunity. (*Id.* at 2).

The Supreme Court has "long recognized that a State's sovereign immunity is 'a personal privilege which it may waive at pleasure.' " *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999) (quoting *Clark v. Barnard*, 108 U.S., 436, 447 (1883)); *see also Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 618 (2002). "A state waives its Eleventh Amendment immunity if it 'unequivocally evidences its intention to subject itself to the jurisdiction of the federal court.' " *Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1021 (9th Cir. 2010) (quoting *Hill v. Blind Indus. & Servs. of Maryland*, 179 F.3d 754, 758 (9th Cir. 1999), *opinion amended on denial of reh'g*, 201 F.3d 1186 (9th Cir. 1999)) (simplified); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984) (requiring state's consent be "unequivocally expressed"). "A state may waive its sovereign immunity through 'conduct that is incompatible with an intent to preserve that immunity.' " *Johnson*, 623 F.3d at 1021 (quoting *Hill*, 179 F.3d at 758).

The Ninth Circuit has "found that state defendants engaged in conduct 'incompatible with' an intent to preserve sovereign immunity when they raised a sovereign immunity defense only belatedly, after extensive proceedings on the merits." *Id.* In *Johnson*, the Ninth Circuit determined the state had waived Eleventh

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV- 18-6754-MWF (PVC) | Date:  March 2, 2023 |
| Title:    L.A Terminals, Inc. v. City of Los Angeles et al. | |

Amendment immunity because it "engaged in extensive proceedings in the district court without seeking dismissal on sovereign immunity grounds." *Id.* Although the state raised sovereign immunity in its answer, the state "litigated the suit on the merits, participated in discovery, and filed a motion to dismiss and a summary judgment motion without pressing a sovereign immunity defense." *Id.*

In circumstances like those presented in *Johnson*, the Ninth Circuit deems the state "to have made a tactical decision to delay asserting the sovereign immunity defense." *Id.* (citing *In re Bliemeister*, 296 F.3d 858, 862 (9th Cir. 2002)). The Ninth Circuit reasoned that:

> "[s]uch tactical delay undermines the integrity of the judicial system, wastes judicial resources, burdens jurors and witnesses, and imposes substantial costs upon the litigants. Having chosen to defend on the merits in federal court, the [state] will be held to that choice."

*Id.* (quoting *Hill*, 179 F.3d at 756, 758) (simplified).

However, in *Aholelei v. Department of Public Safety*, the Ninth Circuit determined that a state defendant's filing of a third-party complaint, without more, did not waive the state's immunity. 488 F.3d 1144, 1147 (9th Cir. 2007). The Ninth Circuit affirmed the district's court grant of summary judgment in an action where a plaintiff did not raise its waiver argument until appeal. *Id.* The Ninth Circuit determined that because the state had timely asserted immunity prior to filing the third-party complaint and the third-party complaint was a defensive move which was not incompatible with an intent to preserve sovereign immunity, the state defendant did not engage in an unfair litigation tactic in moving for summary judgment on sovereign immunity grounds. *Id.* The Ninth Circuit reasoned that the state defendant "though taking defensive moves to protect [itself] should [its] immunity defense fail" had given the plaintiff and the district court "fair warning that [it was] asserting an immunity defense, and . . . did not engage in any conduct during the course of litigation that manifested an intent to waive that defense." *Id.* at 1149.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV- 18-6754-MWF (PVC)          Date:  March 2, 2023
Title:    L.A Terminals, Inc. v. City of Los Angeles et al.

     The City argues that while it has taken defensive steps to preserve defenses in this matter, none of the steps were sufficient to infer an intent that it was waiving its Eleventh Amendment defense.  (Response at 3).  The City contends that its participation in discovery and related proceedings cannot be interpreted as an intent to submit this matter to this Court because the parties agreed that discovery in the federal action could be used in the state action.  (*Id.*).  The City argues its conduct in this litigation is more like the conduct of the *Aholelei* defendant than the *Johnson* defendant because the City's cross-complaints and third-party complaints were defensive in nature, brought solely to preserve contribution rights if the sovereign immunity defense failed.  (*Id.* at 6).  Similarly, the City contends its attempt to obtain certification of the Court's ruling dismissing the City's contractual indemnity claims should be considered consistent with its intent to preserve contingent defensive claims.  (*Id.* at 6–7).  Additionally, the City argues that, unlike the *Johnson* defendant, the City did not bring a successful summary judgment motion in which it requested the Court to consider evidence and rule on the merits.  (*Id.* at 7).

     LAT argues that, unlike the *Aholelei* defendant, the City filed multiple state law claims at various times and insisted that this Court maintain jurisdiction over such claims.  (Reply at 3).  LAT contends that the City has been much more active than the *Aholelei* defendant because the City has filed five state law breach of contract claims in this Court, two which have been dismissed, two which have been settled or are in the process of being settled, and one which the City continues to pursue.  (*Id.* at 4).  LAT points out that despite raising its Eleventh Amendment defense nearly five years ago and again in its Answer, the City was silent on the issue until the eve of trial, despite actively attempting to have this Court address its state law breach of contract claims.  (*See id.* at 5).  LAT also informs the Court that the City has consistently opposed conducting any discovery into its state court damage claims in the state action pending a determination by this Court on the parties' allocation of liability under CERCLA.  (*Id.* at 6).  LAT points out that the City has consistently maintained that litigation of the non-contract issues in the state action should be stayed pending a determination of CERCLA liability by this Court, which has led to the state court imposing a stay based on the City's and LAT's urgings.  (*Id.* (citing Declaration of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV- 18-6754-MWF (PVC)**　　　　　　　　**Date:  March 2, 2023**
**Title:**　　L.A Terminals, Inc. v. City of Los Angeles et al.

Richard Montevideo (Docket No. 443-1), Ex. 3 (9/10/21 Joint Status Report to State Court) at 4, Ex. 4 (1/4/22 Joint Status Report) at 2, Ex. 5 (3/10/22 Joint Status Report) at 5, Ex. 6 (4/15/22 Joint Status Report) at 10, Ex. 7 (8/12/22 Joint Status Report) at 12), Ex. 8 (12/13/22 Joint Status Report) at 5), Ex. 9 (2/23/23 Joint Status Report) at 3).

　　The Court determines that the City's conduct in this action bears little resemblance to the state defendant's conduct in *Aholelei*, where the defendant moved for summary judgment on Eleventh Amendment immunity grounds only fifteen months after litigation commenced and following the filing of a single third-party indemnity complaint.  *See Aholelei*, 488 F.3d at 1147–48.  Here, the City has actively litigated this action in federal court since 2018.  While the City raised its Eleventh Amendment affirmative defense in its answers to LAT's complaint and various parties' third party complaints (Docket Nos. 55, 114, 136, 141, 240), it never filed a motion to dismiss or motion for summary judgment on sovereign immunity grounds.

　　Instead, the City filed numerous pleadings and motions, including a counterclaim and a crossclaim for breach of indemnity (Docket No. 38), a third party complaint against parties not included in this action by Plaintiff (Docket No. 40), a motion for entry of judgment (Docket No. 88) seeking to appeal the Court's dismissal of one of the City's counterclaims, a first amended third party complaint (Docket No. 155), joinder in a motion for settlement approval (Docket No. 356), and two motions in limine (Docket Nos. 377, 383).  Additionally, the City designated three different expert witnesses for this action and has participated in dozens of depositions.  While the City did not go as far as the *Johnson* defendant which submitted a summary judgment motion on non-jurisdictional grounds, the City's long and active participation in this action, including its repeated requests that this Court maintain jurisdiction over the City's indemnity claims and request for approval of its settlement with a third party defendant, are incompatible with an intent to preserve its immunity.

　　The City's argument that its conduct has been limited to defensive moves which should not permit the inference of an intent to waive immunity is unpersuasive in light

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV- 18-6754-MWF (PVC)　　　　　**Date:**  March 2, 2023
**Title:**　　L.A Terminals, Inc. v. City of Los Angeles et al.

of the City's consistent representations to the state court that discovery and certain claims in the state action should be stayed until this Court determines allocation liability under CERCLA.  While the City was brought to federal court against its will, the City appears to have used the existence of the federal action to its benefit.  Further, unlike in *Aholelei*, this appears to be a case where a defendant waited to raise their immunity defense.  *See* 488 F.3d at 1148.  The City's decision to wait four and half years to assert its immunity defense on the eve of trial amounts to a tactical decision which "undermines the integrity of the judicial system[,] …wastes judicial resources, burdens . . . witnesses, and imposes substantial costs upon the litigants."  *See Johnson* 623 F.3d at 1022 (internal quotation omitted).

　　Because the City has actively litigated this case for nearly five years, invoked the Court's jurisdiction over multiple third parties, participated in extensive discovery, cited the federal action to argue for the stay of discovery and non-contractual claims in the state action, and has never filed a motion for summary judgment on sovereign immunity grounds, the Court determines that the City has "decided to defend on the merits in federal court."  *See Johnson*, 623 F.3d at 1022.  The Court will therefore hold the City to that choice.

　　Accordingly, the City's Eleventh Amendment affirmative defense is **DISMISSED**.

　　IT IS SO ORDERED.