| | |
|---|---|
| 1 | Richard Montevideo (State Bar No. 116051) |
| | rmontevideo@rutan.com |
| 2 | Travis Van Ligten (State Bar No. 301715) |
| | tvanligten@rutan.com |
| 3 | RUTAN & TUCKER, LLP |
| | 18575 Jamboree Road, 9th Floor |
| 4 | Irvine, CA  92612 |
| | Telephone:  714-641-5100 |
| 5 | Facsimile:  714-546-9035 |

Attorneys for Plaintiff
L.A. TERMINALS, INC. and
Third Party Defendant
SOCO WEST, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. TERMINALS, INC., a California corporation, | Case No. 2:18-CV-06754-MWF-PVC |
| Plaintiff, | *Assigned for All Purposes to:  Hon. Michael W. Fitzgerald* |
| vs. | **PLAINTIFF L. A. TERMINALS, INC.'S SECOND STATUS REPORT REGARDING PENDENCY OF BANKRUPTCY PROCEEDINGS** |
| CITY OF LOS ANGELES, a Municipal corporation, and OCCIDENTAL CORPORATION, a New York corporation, and UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation, | |
| Defendant. | Date Action Filed: August 6, 2018 |
| | Trial Date:         None Set. |
| AND RELATED COUNTERCLAIMS, CROSSCLAIMS AND THIRD-PARTY COMPLAINTS. | |

Rutan & Tucker, LLP
attorneys at law

227/021204-0021
19846306.2 a10/25/23

-1-

Case No.  2:18-CV-06754-MWF-
PLAINTIFF'S SECOND STATUS REPORT RE
BANKRUPTCY

Counsel for Plaintiff L.A. Terminals, Inc. ("Plaintiff" or "LAT") hereby submits this Second Status Report of the pendency of the bankruptcy petitions filed by Plaintiff and by Third Party Defendant Soco West, Inc. ("Soco West").

Since Plaintiff's initial post-petition bankruptcy Status Report filed with this Court on July 26, 2023, the following is a summary of the significant developments in the bankruptcy proceedings involving Plaintiff, Soco West and two other affiliated entities known as Whittaker, Clark & Daniels, Inc. and Brilliant National Services, Inc. (collectively, the "Debtors").

On April 26, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

On May 8, 2023, the Bankruptcy Court entered an order [Bankruptcy Docket No. 72] authorizing procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b), under the caption: In re Whittaker, Clark & Daniels, Inc., No. 23-13575 (Bankr. D.N.J. Apr. 26, 2023).

On May 24, 2023, the United States Trustee for the District of New Jersey appointed an official committee of talc claimants pursuant to section 1102(a)(1) of the Bankruptcy Code (the "Committee") [Bankruptcy Docket No. 121]. On June 26, 2023, the Bankruptcy Court entered an order [Bankruptcy Docket No. 231] appointing the honorable Shelley C. Chapman (ret.) as future claimants representative ("FCR").

Since the Petition Date, the Debtors have: (a) obtained limited first-day relief to allow the Debtors to administer the chapter 11 cases; (b) responded to and successfully opposed motions to dismiss the Whittaker, Clark & Daniels, Inc. chapter 11 case; (c) filed retention applications and obtained orders retaining certain professionals; (d) engaged with the Committee regarding time-intensive information and document requests; (e) filed their schedules of assets and liabilities and statements of financial affairs; (f) held their section 341 meeting of creditors; (g) sought and litigated the appointment of the FCR; (h) facilitated diligence

Rutan & Tucker, LLP
attorneys at law

227/021204-0021
19846306.2 a10/25/23

-2-

Case No. 2:18-CV-06754-MWF-
PLAINTIFF'S SECOND STATUS REPORT RE
BANKRUPTCY

requests to both the Committee and the FCR; (i) commenced an adversary proceeding requesting entry of an order determining that any successor liability and alter ego claims against the Debtors' predecessors-in-interest are estate causes of action that the Debtors have sole authority to settle as estate causes of action; and (j) commenced, at the direction of the Bankruptcy Court, negotiations with the Committee, FCR, and others around a proposed order setting forth mediation parameters to address the global resolution and settlement of the claims at issue in the chapter 11 cases.

The Debtors' primary goal in the chapter 11 cases is to confirm a plan of reorganization using the tools available to the Debtors under the Bankruptcy Code to achieve resolution of all valid tort and environmental claims that have or may be asserted against the Debtors, in order to ensure an equitable and efficient distribution to all holders of valid claims.

Further, as to this action, over the past thirty (30) days, Plaintiff's Counsel has been authorized by the debtor in possession (LAT), to recommence settlement discussions with all of the remaining parties in the action. With this authorization, on October 6, 2023, Plaintiff participated in a half day mediation session with several parties in the action, using the services of the mediator that had previously been mediating the case, Tim Gallagher, Esq. The settlement discussions were positive, and are continuing, and Plaintiff is cautiously optimistic that a settlement of this action can be reached over the course of the next ninety (90) days to resolve all pending claims in the action, at least as against LAT, consistent with the Consent Decree terms previously negotiated by the parties prior to the Petition Date.

Dated: October 25, 2023              RUTAN & TUCKER, LLP

By: /s/ Richard Montevideo
Richard Montevideo
Attorneys for Plaintiff
L.A. TERMINALS, INC.

Rutan & Tucker, LLP
attorneys at law

227/021204-0021
19846306.2 a10/25/23

-3-

Case No. 2:18-CV-06754-MWF-
PLAINTIFF'S SECOND STATUS REPORT RE BANKRUPTCY