Richard Montevideo (State Bar No. 116051)
rmontevideo@rutan.com
Travis Van Ligten (State Bar No. 301715)
tvanligten@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Plaintiff
L.A. TERMINALS, INC. and
Third Party Defendant
SOCO WEST, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. TERMINALS, INC., a California corporation,<br><br>                Plaintiff,<br><br>        vs.<br><br>CITY OF LOS ANGELES, a Municipal corporation, and OCCIDENTAL CORPORATION, a New York corporation, and UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation,<br><br>                Defendants.<br><br>AND RELATED COUNTERCLAIMS, CROSSCLAIMS AND THIRD-PARTY COMPLAINTS. | Case No. 2:18-CV-06754-MWF-PVC<br><br>*Assigned for All Purposes to:* Hon. Michael W. Fitzgerald<br><br>**PLAINTIFF L. A. TERMINALS, INC.'S FOURTH STATUS REPORT REGARDING PENDENCY OF BANKRUPTCY PROCEEDINGS**<br><br>Date Action Filed: August 6, 2018<br>Trial Date: None Set. |

Rutan & Tucker, LLP
attorneys at law

2590/021204-0021
20517573.1 a04/25/24

-1-

Case No. 2:18-CV-06754-MWF-
PLAINTIFF'S FOURTH STATUS REPORT RE BANKRUPTCY

Counsel for Plaintiff L.A. Terminals, Inc. ("Plaintiff" or "LAT") hereby submits this Fourth Status Report of the pendency of the bankruptcy petitions filed by Plaintiff and by Third Party Defendant Soco West, Inc. ("Soco West").

Since Plaintiff's third post-petition bankruptcy Status Report filed with this Court on January 23, 2024, the following is a summary of the significant developments in the bankruptcy proceedings involving Plaintiff, Soco West and two other affiliated entities known as Whittaker, Clark & Daniels, Inc. and Brilliant National Services, Inc. (collectively, the "Debtors"), that occurred over the past ninety days (90), and of the significant developments concerning settlement in this action:

(a) An *ad hoc* group of certain of the Debtors' pre-petition defense counsel and legal experts filed a motion seeking the appointment of an official committee of general unsecured commercial creditors [Docket No. 854], which motion was heard on April 4, 2024, but with the Bankruptcy Court denying the requested relief [Docket No. 990]; (b) the Bankruptcy Court-ordered mediation process [Docket Nos. 654; 762], is ongoing; (c) the parties to the mediation stipulated to extending the Bankruptcy Court's withholding of its decision on the summary judgment motion in the adversary proceeding until at least May 10, 2024 [Docket No. 917]; and (d) as part of the adversary proceeding, the Bankruptcy Court granted the Debtors a temporary restraining order to enjoin certain successor liability actions from moving forward [Adv. Pro. Docket No. 89], which restraining order has been extended multiple times, with the latest through May 2, 2024 [Adv. Pro. Docket Nos. 118, 124 (bridge order); 129 (amended bridge order); 147; 157], and with another request for extending the restraining order through May 30, 2024 currently pending with the Bankruptcy Court [Adv. Proc. Docket No. 172].

The Debtors' primary goal in the chapter 11 cases is to confirm a chapter 11 plan using the tools available to the Debtors under the Bankruptcy Code to achieve resolution of all valid tort and environmental claims that have or may be asserted

Rutan & Tucker, LLP
attorneys at law

2590/021204-0021
20517573.1 a04/25/24

-2-

Case No. 2:18-CV-06754-MWF-
PLAINTIFF'S FOURTH STATUS REPORT RE BANKRUPTCY

1  against the Debtors, in order to ensure an equitable and efficient distribution to all
2  holders of valid claims.
3      As to the status of this action, over the past ninety (90) days since Plaintiff's
4  Third Status Report Re: Bankruptcy, Plaintiff's Counsel has participated in ongoing
5  settlement discussions with all parties to this case, and has reached agreement on the
6  final terms of a Proposed Consent Decree by and between Plaintiff, Occidental
7  Chemical Company ("Occidental") and Union Oil Company of California ("Union
8  Oil"), a Stipulation among all parties to this case stipulating to entry of this Consent
9  Decree ("Stipulation"), and a Separate Settlement Agreement ("SS Agreement") by
10 and between Plaintiff and Soco West on the one hand, and Defendants City of Los
11 Angeles ("City"), Phillips 66 Company ("Phillips 66") and Union Pacific Railroad
12 Company ("Union Pacific"), on the other hand.
13     If approved, the Proposed Consent Decree will provide for a full settlement
14 and dismissal of all claims among Plaintiff, Occidental and Union Oil, with
15 prejudice, with the Parties' Stipulation providing for a dismissal of all other claims
16 remaining in this action without prejudice, and with the SS Agreement providing for
17 a dismissal of all claims in this action and in the Los Angeles Superior Court State
18 Court action (*City of Los Angeles v. L.A. Terminals, Inc. et. al.*, LASC Case No.
19 NC061591 – "State Action") by the City, Phillips 66 and Union Pacific, as against
20 Plaintiff and Soco West, and vice versa, with prejudice.
21     However, both the Proposed Consent Decree and the SS Agreement remain
22 subject to final client sign-off by all parties on its final terms, and importantly, both
23 the Proposed Consent Decree and the SS Agreement are conditional and subject to
24 Plaintiff LAT reaching a separate settlement agreement with the California Regional
25 Water Quality Control Board, Los Angeles Region ("Regional Water Board") of the
26 Regional Water Board's claims against LAT under Regional Water Board Cleanup
27 and Abatement Order No. R4-2022-0139 ("RB Settlement").  Although Plaintiff
28 LAT and the Regional Water Board are early in the process of negotiating the terms

Rutan & Tucker, LLP
attorneys at law

2590/021204-0021
20517573.1 a04/25/24

-3-

Case No. 2:18-CV-06754-MWF-
PLAINTIFF'S FOURTH STATUS REPORT RE BANKRUPTCY

of the RB Settlement, Plaintiff is optimistic that such a settlement can be achieved over the course of the next three to four months.

Finally, the Proposed Consent Decree, the SS Agreement and the RB Settlement are all subject to review and approval by the Bankruptcy Court, and the Proposed Consent Decree is subject to review and approval by this Court, with none of the three agreements becoming effective unless and until the Bankruptcy Court approves all such settlements, and unless and until this Court approves the Proposed Consent Decree. If Bankruptcy Court approval is obtained on the three settlement agreements, and this Court approves the terms of the Proposed Consent Decree (per the Parties' Stipulation), such agreements and approvals will fully and finally resolve all claims involving Plaintiff LAT and Soco West both in this action and in the State Court Action, and will result in a complete resolution of all current claims pending in this action amongst all other parties (through dismissals with or without prejudice).

Respectfully submitted,

Dated: April 25, 2024

RUTAN & TUCKER, LLP

By: /s/ Richard Montevideo

Richard Montevideo
Attorneys for Plaintiff
L.A. TERMINALS, INC.