1  Richard Montevideo (State Bar No. 116051)
   rmontevideo@rutan.com
2  Travis Van Ligten (State Bar No. 301715)
   tvanligten@rutan.com
3  RUTAN & TUCKER, LLP
   18575 Jamboree Road, 9th Floor
4  Irvine, CA  92612
   Telephone:  714-641-5100
5  Facsimile:  714-546-9035

6  Attorneys for Plaintiff
   L.A. TERMINALS, INC. and
7  Third Party Defendant
   SOCO WEST, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. TERMINALS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a Municipal corporation, and OCCIDENTAL CORPORATION, a New York corporation, and UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS, CROSSCLAIMS AND THIRD-PARTY COMPLAINTS. | Case No. 2:18-CV-06754-MWF-PVC<br><br>*Assigned for All Purposes to:  Hon. Michael W. Fitzgerald*<br><br>**PLAINTIFF L. A. TERMINALS, INC.'S SIXTH STATUS REPORT REGARDING PENDENCY OF BANKRUPTCY PROCEEDINGS**<br><br>Date Action Filed: August 6, 2018<br>Trial Date:  None Set. |

Rutan & Tucker, LLP
attorneys at law

2590/021204-0021
21296387.2 a10/15/24

-1-

Case No.  2:18-CV-06754-MWF-
PLAINTIFF'S SIXTH STATUS REPORT RE BANKRUPTCY

Counsel for Plaintiff L.A. Terminals, Inc. ("Plaintiff" or "LAT") hereby submits this Sixth Status Report of the pendency of the bankruptcy petitions filed by Plaintiff and by Third Party Defendant Soco West, Inc. ("Soco West").

Since Plaintiff's Fifth post-petition bankruptcy Status Report filed with this Court on July 22, 2024, the following is a summary of the significant developments in the bankruptcy proceedings involving Plaintiff, Soco West and two other affiliated entities known as Whittaker, Clark & Daniels, Inc. and Brilliant National Services, Inc. (collectively, the "Debtors"), that occurred over the past ninety (90) days, and of the status of the settlement discussions in this action:

(a) The Bankruptcy Court-ordered mediation process [Docket Nos. 654; 762] did not result in a global settlement; (b) on August 13, 2024, the Bankruptcy Court entered a decision [Docket No. 1265] finding that certain successor liability claims were the property of the Debtors' bankruptcy estates; (c) on August 30, 2024, the Official Committee of Talc Claimants and the Bankruptcy Court appointed future claimants representative filed a motion (the "Standing Motion") [Docket No. 1293] for standing to settle the Debtors' successor liability claims (d) on September 3, 2024, the Debtors filed a motion (the "Settlement Motion" and together with the Standing Motion, the "Motions") [Docket No. 1297] requesting Bankruptcy Court approval of a settlement of certain estate claims in exchange for a $535 million contribution, in support of which, several joinders were filed [Docket Nos. 1375, 1379, and 1380]; (e) on September 3, 2024, the Debtors filed a motion [Docket No. 1302] requesting authorization to obtain post-petition financing; (f) on September 23, 2024, the Bankruptcy Court entered a scheduling order [Docket No. 1347] establishing the following deadlines for the Motions: (1) November 22, 2024 as the objection deadline, (2) December 6, 2024, as the reply deadline, and (3) December 16, 2024, as the deadline for holding the combined hearing; (g) on October 9, 2024, the Bankruptcy Court entered an order [Docket No. 1390] declaring the successor liability claims to be automatically stayed and certain claims against successors of

Rutan & Tucker, LLP
attorneys at law

2590/021204-0021
21296387.2 a10/15/24

-2-

Case No. 2:18-CV-06754-MWF-
PLAINTIFF'S SIXTH STATUS REPORT RE BANKRUPTCY

the Debtors to be enjoined through October 15, 2024; and (h) on October 15, 2024, the Bankruptcy Court will hold a hearing on the status of certain of the above items.

The Debtors' primary goal in the chapter 11 cases is to confirm a chapter 11 plan using the tools available to the Debtors under the Bankruptcy Code to achieve a resolution of all valid tort and environmental claims that have or may be asserted against the Debtors and effectuate an equitable and efficient distribution of the Debtors' remaining assets to all holders of valid claims.

(b) As indicated in Plaintiff's Fifth Status Report Re: Bankruptcy, Plaintiff's Counsel has reached agreement on the final terms of a Proposed Consent Decree ("Consent Decree") by and between Plaintiff, Occidental Chemical Company ("Occidental") and Union Oil Company of California ("Union Oil"), and on a Stipulation among all parties to this case ("Parties"), stipulating to entry of the Proposed Consent Decree ("Stipulation"), as well as on the terms of a Separate Settlement Agreement ("SS Agreement") by and between Plaintiff and Soco West on the one hand, and Defendants City of Los Angeles ("City"), Phillips 66 Company ("Phillips 66") and Union Pacific Railroad Company ("Union Pacific"), on the other hand.

In the Fifth Status Report, Plaintiff advised this Court that the agreed-upon settlement terms in the Consent Decree and in the SS Agreement, were conditional and subject to Plaintiff LAT reaching a separate agreement with the California Regional Water Quality Control Board, Los Angeles Region ("Regional Water Board"), of the Regional Water Board's alleged claims against LAT under Regional Water Board Cleanup and Abatement Order No. R4-2022-0139. However, after further discussions between LAT and the Regional Water Board, as well as the other Parties in this action, the condition of LAT entering into a settlement agreement with the Regional Water Board or obtaining a Comfort Letter from the Regional Water Board, has been determined to be unnecessary and thus, has been removed from the settlements between LAT and the other Parties in this action.

Rutan & Tucker, LLP
attorneys at law

2590/021204-0021
21296387.2 a10/15/24

-3-

Case No. 2:18-CV-06754-MWF-
PLAINTIFF'S SIXTH STATUS REPORT RE BANKRUPTCY

1  Accordingly, at this time, all settlement documents are in the process of being
2  executed by the Parties, and once fully executed, Plaintiff will then seek Bankruptcy
3  Court approval of the settlements.  If Bankruptcy Court approval is obtained, the
4  Parties in this action, per stipulation (the terms of which have already been agreed to
5  by the Parties), will then seek approval and entry of the Proposed Consent Decree
6  by this Court.  If the Consent Decree is approved by this Court, its approval, per the
7  express terms of the Consent Decree and the SS Agreement, will fully and finally
8  resolve all claims involving Plaintiff LAT and Soco West both in this action and in
9  the State Court Action (*City of Los Angeles v. L.A. Terminals, Inc. et. al.*, LASC
10 Case No. NC061591), and will result in a complete resolution of all current claims
11 pending in this action amongst all other Parties (through dismissals with or without
12 prejudice).

13                                                    Respectfully submitted,

14 Dated:  October 15, 2024                     RUTAN & TUCKER, LLP

16                                                    By: /s/ Richard Montevideo
17                                                    Richard Montevideo
                                                      Attorneys for Plaintiff
18                                                    L.A. TERMINALS, INC.

Rutan & Tucker, LLP
attorneys at law

2590/021204-0021
21296387.2 a10/15/24

-4-

Case No.  2:18-CV-06754-MWF-
PLAINTIFF'S SIXTH STATUS REPORT RE BANKRUPTCY